**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLON D. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>BECKY SCOTT, et al.,<br><br>Defendants. | Civil Action No. 25-3611 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's[1] complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the

---

[1] Plaintiff's complaint names only one Plaintiff - Marlon D. Thompson. (ECF No. 1 at 2-4.) At the end of his complaint, however, Plaintiff also provides the names and signatures of several other inmates, without any clear expression that these other inmates intended to join his complaint. (*Id.* at 8.) Plaintiff's complaint likewise lacks any allegations as to these other inmates. This Court thus does not construe the complaint to be raising claims on behalf of anyone other than Plaintiff Thompson. To the extent Plaintiff did intend to raise claims for these other inmates, each inmate would be required to clearly indicate their desire to participate in this matter and separately pay the filing fee or file their own *in forma pauperis* application. If that is Plaintiff's intent, then these other individuals should clearly so state and address the fee issue in filing an amended complaint.

reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

## I. BACKGROUND

Plaintiff is a pretrial detainee currently imprisoned in the Hudson County jail. (ECF No. 1 at 2-5.) In December 2023, Plaintiff contracted COVID-19 while housed within the jail. (*Id.* at 6-7.) He thereafter spent nine days in an "unclean" cell, apparently as part of quarantine procedures. (*Id.*) Plaintiff also alleges that he has since been denied educational programs and full library access because of staffing issues. (*Id.*) Based on these scant allegations, for which Plaintiff provides little in the way of elaboration, Plaintiff seeks to raise federal civil rights claims against the Hudson County Department of Corrections, the jail's warden, and the jail's medical contractor. (*Id.* at 4-8.) However, Plaintiff does not detail the direct involvement of any named Defendant, instead relying on the Warden's oversight of the jail and the medical provider's "negligence" in failing to provide a "medically safe" environment to attempt to connect them to the alleged wrongs. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

2

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. <u>DISCUSSION</u>

3

In his complaint, Plaintiff seeks to raise medical, and conditions of confinement claims under 42 U.S.C. § 1983 against a county department of corrections, the county jail's warden, and the jail's medical contractor. Turning first to the county department, a county jail or corrections department is not a person subject to suit under 42 U.S.C. § 1983, only the county itself would be a proper Defendant. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). Therefore, Hudson County Corrections must be dismissed from this matter with prejudice.

The two remaining Defendants include the jail's warden and medical contractor, who Plaintiff connects to his claims solely through their supervisory or oversight roles in the jail without identifying any policy or practice they put into place that gave rise to his claims. A defendant in a civil rights matter may not be held vicariously liable for the actions of its subordinates and must instead have personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Where the defendant in question is a high-level supervisor or contractor for a county jail, such personal involvement generally requires that the plaintiff allege facts which, if proven, would show that a policy, practice, or custom adopted by the contractor or supervisor was the moving force behind the constitutional violation being alleged. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Plaintiff in his complaint connects the two remaining supervisor and contractor Defendants to his claims solely through their oversight role and has failed to identify any policy, practice, or custom either put into place which is the moving force behind his medical or conditions of confinement claims. Therefore, Plaintiff has failed to allege either of the two remaining Defendants was personally involved in the alleged wrongs, and his claims against them must be dismissed without prejudice for failure to state a claim for which relief may be granted.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge