**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLON D. THOMPSON,<br><br>                   Plaintiff,<br><br>     v.<br><br>BECKY SCOTT, et al.,<br><br>                   Defendants. | Civil Action No. 25-3611 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Marlon D. Thompson's amended complaint (ECF No. 7.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted. Plaintiff's motion seeking consolidation or class certification (ECF No. 8) shall also be denied without prejudice.

**I. BACKGROUND**

Plaintiff is a pretrial detainee currently imprisoned in the Hudson County jail. (ECF No. 1 at 2-5.) In his original complaint, Plaintiff alleged that he contracted COVID-19 in December 2023, was housed in an "unclean" cell while quarantined, and was allegedly denied vaguely

specified educational programs and has been given only limited library access. (*Id.* at 6-7.) On May 16, 2025, this Court screened and dismissed that complaint, finding that Plaintiff had failed to allege any facts actually showing the personal involvement of any of the named Defendants in the alleged wrong. (*See* ECF No. 3.)

On July 29, 2025, Plaintiff filed an amended complaint, once again seeking to raise claims against the Director of the jail in which he is housed, Becky Scott, and Wellpath, the jail's medical provider. (ECF No. 7.) In his amended complaint, which Plaintiff also purports to be filing on behalf of other inmates, Plaintiff alleges the jail no longer has a "Covid prevention plan," that, on unspecified dates at least some inmates spent time in "dirty cells" and were not provided medication for COVID-19 while recovering from the virus. (*Id.* at 6.) Plaintiff also alleges that unspecified inmates were "denied outside recreation, education, law library" without further elaboration. (*Id.*) Plaintiff provides no individualized facts as to any deprivations of his own rights, or any specific deprivations of any of the other inmates on whose behalf he purports to be filing. (*Id.*)

In his amended complaint, Plaintiff names as Defendants only Scott and Wellpath. As to Scott, Plaintiff alleges that she is "fully unaware" of the day-to-day events in his unit and that she has "failed to maintain awareness" of occurrences in his unit. (*Id.* at 4-5.) As to Wellpath, Plaintiff alleges they "failed to properly respond" to unspecified medical requests, provided "wrong medications" to some unspecified inmates, and "failed to provide [an] effective Covid prevention program." Plaintiff does not allege that any of these violations is the result of a specific Wellpath policy, aside from the vague allegation that Wellpath does not have a Covid prevention policy.

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts

3

"merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to raise medical and conditions of confinement claims under 42 U.S.C. § 1983 against the warden of a county jail, Becky Scott, and the jail's medical provider. A defendant in a civil rights matter may not be held vicariously liable for the actions of its subordinates and must instead have personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Where the defendant in question is a high-level supervisor or contractor for a county jail, such personal involvement generally requires that the plaintiff alleges facts which, if proven, would show that a policy, practice, or custom adopted by the contractor or supervisor was the moving force behind the constitutional violation being alleged. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Plaintiff fails to allege any facts to suggest that Scott was personally involved in any of the vaguely alleged wrongs in the complaint, instead alleging specifically that she is "fully unaware" of what has happened in his unit. While that lack of awareness could support a plausible inference of negligence – which is insufficient to state a claim for relief under § 1983, it is not sufficient to establish that she was personally involved in the alleged wrongs. Plaintiff's claims against her must therefore be dismissed.

Turning to Wellpath, Plaintiff fails to connect any of his medical claims to a Wellpath policy or custom other than his vague allegation that Wellpath did not provide a Covid prevention

4

plan which met with his approval. Plaintiff, however, fails in his amended complaint to provide any details about what policies he believes are necessary, what policies are in place or how the lack of any specifically advocated policy amounts to deliberate indifference to any specifically identified inmates' needs. Plaintiff has therefore failed to plead a plausible claim for relief under § 1983 as to Wellpath. *Id.* Likewise, the Court notes that Plaintiff has not even attempted to specify which inmate's rights were actually violated by any alleged policy, or how specifically they were harmed – i.e., what medical need was deliberately ignored or mistreated. Thus, Plaintiff clearly fails to state a plausible claim for relief in his amended complaint, and it must therefore be dismissed without prejudice at this time.

Moving beyond the amended complaint, the Court notes that Plaintiff in his complaint is also attempting to improperly act as a representative of other inmates. Indeed, Plaintiff has filed a motion seeking to join his complaint to another complaint previously dismissed by Judge Padin, and also to act as a class representative and seek class certification. While multiple inmates may file a complaint together where their claims are properly joined and each meets the requirements of 28 U.S.C. § 1915[1] by either applying for *in forma pauperis* status or paying the applicable filing fees, "an individual proceeding pro se may not represent third parties in federal court." *See Yoder v. District Att'y Montgomery Cnty.*, 790 F. App'x 478, 481 (3d Cir. 2019). Plaintiff's attempts to file on behalf of others in this matter is therefore wholly improper. Likewise, a pro se plaintiff

---

[1] As the Court noted previously, Plaintiff has not even attempted to provide *in forma pauperis* applications or payments of the fee for any of the inmates he purports to represent. Under § 1915, *each* prisoner is responsible for the filing fee and must either file an *in forma pauperis* application or pay the full filing fees. Should Plaintiff again attempt to file a joint complaint, that complaint will be terminated should each of his co-Plaintiffs not *clearly* state their intention to proceed with this matter and either pay the full filing fees or file an individual *in forma pauperis* application. Plaintiff may also not rely on vague group pleading to set forth claims for relief, and instead must provide specific factual allegations of the person whose rights were violated, how their specific rights were violated, and who was responsible for that violation.

generally may not serve as a class representative in a putative class action. *See, e.g., Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009); *Lewis v. City of Trenton Pol. Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006); *L.A. v. Hoffman*, 144 F. Supp. 3d 649, 678 (D.N.J. 2015). Because Plaintiff may not properly represent other inmates, because Plaintiff is not a proper class representative for a class action, and because both Plaintiff's amended complaint and the complaint with which he sought to join his claims have now been dismissed, Plaintiff's motion seeking to consolidate his case or class certification (ECF No. 8) is denied without prejudice.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 7) shall be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted, and Plaintiff's motion seeking to consolidate his case or class certification (ECF No. 8) is **DENIED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge